### DANIEL STEVENS *v.* COMMONWEALTH.

**Criminal Law—Larceny—Felonious Intent.**

Felonious intent is required to render one guilty of larceny and one who without felonious intent to deprive the owner of his property takes possession of it and after taking possession forms the design to deprive the owner of the property, is not guilty of larceny, because the intent to steal must exist at the time of taking possession.

### APPEAL FROM OHIO CRIMINAL COURT.

November 21, 1876.

OPINION BY JUDGE ELLIOTT:

If this case should be reversed it is because of erroneous instructions of the court. In its first instruction the court told the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, Daniel S. Stevens, in the county of Ohio, previous to the finding of the indictment, took and carried away with a felonious intent one keg of apple brandy of the value of over ten dollars, and that said keg of brandy was the property of James F. Collins, they ought to find him guilty.

Larceny is defined to be the wrongful and fraudulent taking and carrying away by one person of the mere personal goods of another from any place with a felonious intent to convert them to the taker's use and make them his property without the consent of the owner. Mr. Baron Parker said that this definition of larceny is complete, without explaining the meaning of the word felonious. This, however, may be technical, but the instruction in this case is too general. It fails to define what taking and carrying away the goods of another with a felonious intent means. It is the wrongful and fraudulent taking of the goods of another with the fraudulent intent to convert the goods to the use of him who takes them, that makes him guilty of felony and liable to punishment as such.

By the second instruction the jury are told that no difference how the appellant got possession of the goods if at the time he took them and carried them away his intent was felonious, he was guilty, leaving the jury to decide what was a taking and carrying away with a felonious intent, unexplained by the court; and therefore said instruction was misleading.

By the third instruction the court does not require the jury to find that the property taken belonged to James F. Collins as charged in the indictment, or to any one else, but makes the defendant's guilt depend upon the felonious intent of taking the property and carrying it away, and therefore said instruction is clearly erroneous.

The rulings of the court in refusing instructions offered by the counsel for defendant were correct, for the reason that by those instructions the court was asked to tell the jury that unless they believed from the evidence that at the very instant the defendant found the brandy he intended to convert it to his own use they should find him not guilty.

There can be no doubt upon principle and authority that if the defendant, at the time he took possession of the keg of brandy, did so without any fraudulent intent to deprive the owner of it or convert it to his own use, but that after he took possession of it he changed his mind and formed the design of so converting it and depriving the owner of it, he is not guilty of larceny, because the intent to steal the article must exist in the mind of the accused at the time of the taking possession thereof; but the instructions refused required that unless the guilty intent to convert the goods existed in the appellant's mind when he first saw the keg of brandy, and not when he first took possession of it, he was entitled to an acquittal, and were properly refused. The judgment is *reversed* and cause remanded for further proceedings consistent herewith.

*E. D. Walker, for appellant.   Moss, for appellee.*